# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00614-CR

**Jaquinn Keith Williams, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 64897, HONORABLE JOE CARROLL, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967). Appellant Jaquinn Keith Williams pleaded guilty to the offense of attempted capital murder. *See* Tex. Penal Code Ann. § 19.03 (West Supp. 2011). Following a sentencing hearing, punishment was assessed at 80 years' imprisonment.

Williams was charged with intentionally and knowingly shooting a peace officer. At the plea hearing, after Williams had pleaded guilty to the offense, his judicial confession was admitted into evidence. The district court found the evidence sufficient to prove that Williams had committed the offense, but withheld a finding of guilt at that time, ordered a pre-sentence investigation report, and reset the case for sentencing.

At the sentencing hearing, the district court heard testimony from the victim, Marlon Reed, a Temple police officer. Reed testified that on April 3, 2009, he was assigned to a

SWAT team to execute a search warrant on Williams's residence. Specifically, officers had reason to believe that the residence contained marihuana. According to Reed, "As we hit the door, my job was to make entry as the first person into the house." As Reed made entry, he "heard two shots," "fell to the ground," and realized that he had been shot. Reed further testified that he had been shot in the elbow and hip, that the shot to his elbow seriously injured the nerve in his arm, and that he was later told by doctors that the nerve damage was permanent. Reed and his wife both testified to how the injury had adversely impacted their lives.

The only witness to testify in Williams's defense was Kyle Schoepf, Williams's best friend from grade school and high school. Schoepf testified to Williams's family history, portraying a difficult home life that Williams had experienced as a child. Schoepf also explained that Williams, who was 23 years old, had been selling marihuana since high school, that Schoepf had "tried to talk him out of that lifestyle," but that Williams had "just decided to stick with what he knew."

Williams's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Williams was mailed a copy of counsel's brief and advised of his right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   August 9, 2012

Do Not Publish